

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 29, 1963

Mr. Jack Ross, Chairman
Board of Pardons and Paroles
Box 2176
Capitol Station
Austin, Texas

Opinion No. C- 115

Re: Whether House Bill 395,
Acts of the 58th Legisla-
ture, Regular Session,
1963, Chapter 327, page
857, when in effect, will
govern the age limits set
for parole officers, or
whether the provisions of
Article 781d, Section 28,
Vernon's Code of Criminal
Procedure, will apply as
to age limits of such

Dear Mr. Ross:                          officers.

        You have requested an opinion from this office upon
the question of whether:

            ". . . H. B. 395, when in effect, will
        govern the age limits set for parole officers
        employed by this department, or should this
        Board continue its compliance with Article 781d,
        Section 28, C.C.P."

        Section 28 of Article 781d, Vernon's Code of Criminal
Procedure, provides in part that:

            ". . . no person may be employed as a
        parole officer or supervisor, or be responsi-
        ble for the investigations, surveillance, or
        supervision of persons on parole, unless he
        meets the following qualifications together
        with any other qualifications that may be
        specified by the Director of the Division,
        with the approval of the Board of Pardons
        and Paroles: 26 to 55 years of age, . . ."
        (Emphasis added)

        Section 2 of House Bill 395, Acts of the 58th Legisla-
ture, Regular Session, 1963, Chapter 327, page 857, provides
that:

            "No agency, board, commission, depart-
        ment, or institution of the government of the

-573-

> State of Texas, nor any political subdivision
> of the State of Texas, shall establish a maxi-
> mum age under sixty-five (65) years nor a mini-
> mum age over twenty-one (21) years for employ-
> ment, nor shall any person who is a citizen of
> this State be denied employment by any such
> agency, board, commission, department or insti-
> tution or any political subdivision of the State
> of Texas solely because of age; provided, however,
> nothing in this Act shall be construed to prevent
> the imposition of minimum and maximum age restric-
> tions for law enforcement peace officers or for
> fire-fighters; provided, further, that the pro-
> visions of this Act shall not apply to institu-
> tions of higher education with established re-
> tirement programs."  (Emphasis added)

House Bill 395 makes no reference to Article 781d nor does House Bill 395 contain any repealing clause within its provisions.

For House Bill 395 to act as a repeal of Article 781d, there being no express or general clause found in House Bill 395, such a repeal would have to be by implication.  39 Tex.Jur. 137 Statutes, Sec. 73.  In addition it is stated in 39 Tex. Jur. 140 Statutes, Sec. 75, that:

> ". . . the repeal of statutes by implication
> is never favored or presumed.  The two acts will
> persist unless the conflicting provisions are so
> antagonistic and repugnant that both cannot stand.
> Where there is no express repeal, the presumption
> is that in enacting a new law the Legislature in-
> tended the old statute to remain in operation.
>
> "Accordingly, a repeal by implication will be
> adjudged only when such result is inevitable or was
> plainly intended by the Legislature.  If by any
> reasonable construction two acts or statutory pro-
> visions can be reconciled and so construed that
> both may stand, one will not be held to repeal the
> other.  Especially where the older law is particu-
> lar and is expressed in negative terms, and the
> later statute is general, a construction will be
> sought which harmonizes them and leaves both in
> concurrent operation.  . . ."

In view of the foregoing it is to be noted that House Bill 395 merely provides that no agency, board, commission, de-partment, or institution of the government of the State of Texas

shall establish a maximum age under sixty-five (65) nor a minimum age over twenty-one (21) for employment. However, the age restrictions placed upon parole officers employed by the Board of Pardons and Paroles, as set forth in Article 781d, is a restriction placed by the Legislature of the State of Texas rather than by an agency, board, commission, department, or institution of the government of the State of Texas.

Consequently, we are of the opinion that the provisions of House Bill 395 do not act as a repeal of Section 28 of Article 781d, Code of Criminal Procedure enacted by the Legislature whereby the Legislature set certain age restrictions as to these employees.

S U M M A R Y

The provisions of House Bill 395, Acts of the 58th Legislature, 1963, Chapter 327, page 857, do not act as a repeal of Article 781d, Section 28, Vernon's Code of Criminal Procedure, and therefore the provisions of Section 28 of Article 781d, rather than the provisions of House Bill 395, control as to the age restriction placed upon the employment of parole officers by the Board of Pardons and Paroles.

Yours very truly,

WAGGONER CARR
Attorney General

By *Pat Bailey*

Pat Bailey
Assistant

PB:wb:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. L. Snow, Jr.
Scott Garrison
Paul Phy
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY: Stanton Stone